UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL THEURICH, individually,

               Plaintiff,

  v.

KITSAP COUNTY, a Municipal Corporation organized under the laws of the State of Washington, and CONMED, Inc., a Foreign Corporation doing business in Kitsap, County, Washington, and BARBARA MULL, BRUCE KALER, M.D., OFFICER RT #1146, ARLEN JOHNSON, and C. MCCARTY,

               Defendants.

No. C15-5097 RJB

ORDER ON OFFICER TUITASI'S MOTION FOR SUMMARY DISMISSAL

This matter comes before the Court on Officer Ray Tuitasi's (named in this lawsuit as Officer RT#1146) Motion for Summary Judgment Dismissal. Dkt. 42. The Court has reviewed the pleadings filed regarding the motion and the remaining record.

Plaintiff brings this civil rights case pursuant to 42 U.S.C. §1983 alleging that Defendants violated his Eighth and Fourteenth Amendment rights while he was in custody at the Kitsap County, Washington jail. Dkt. 1. Plaintiff alleges that the Officer Tuitasi was deliberately indifferent to Plaintiff's serious medical need while he was a pre-trial detainee. *Id.* Officer Tuitasi moves for summary dismissal of the claims against him. Dkt. 42. Plaintiff moves to defer consideration of the motion until after Officer Tuitasi's deposition, which is not yet scheduled. Dkt. 49. For the reasons provided below, consideration of the motion should be deferred until after Officer Tuitasi's deposition.

ORDER - 1

## I.    FACTS

According to the Complaint, Plaintiff was arrested on January 24, 2012, for driving under the influence of alcohol. Dkt. 1. He was held as a pre-trial detainee in the Kitsap County, Washington, Jail until his conviction on July 24, 2012. *Id.* He served his sentence in the jail and was released January 20, 2013. *Id.*

On January 27, 2012, Plaintiff submitted an inmate request ("kite") to jail staff requesting a medical furlough. Dkt. 50, at 4. The kite provided, in part, that Plaintiff had "scheduled since 22 Dec 11, cervical . . . spine . . . laminopectomy (sic) on 13 Feb 12 05:30, Swedish Hospital." *Id.* Plaintiff indicated in his kite that he would be in the hospital for four days and would have three to four months of recovery. *Id.* He also stated that he had follow up appointments with a Veteran's Administration doctor. *Id.*

Officer Tuitasi, the moving party here, responded to the kite: "[y]ou must contact your attorney regarding your furlough." *Id.*

Officer Tuitasi, in his declaration, states that at the time of Plaintiff's kite, he did not personally interact with inmates, communicate directly with them, or have access to their medical records. Dkt. 43. He maintains that he did not know anything about Plaintiff's medical condition other than what was written on the kite. *Id.* Officer Tuitasi states that he felt that because the surgery had been scheduled for a few months, Plaintiff's condition was not urgent. *Id.* He asserts that inmates detained in the Kitsap County jail are there pursuant to court order, and that he did not have authority to release Plaintiff, nor could he represent Plaintiff in court regarding a furlough petition. *Id.* Officer Tuitasi states that at the time he told Plaintiff to contact his attorney, Plaintiff was a pre-trial detainee, represented by counsel, and he was following the practice of the Kitsap County Jail. *Id.*

ORDER - 2

## II. DISCUSSION

### A. STANDARD ON MOTION FOR SUMMARY JUDGMENT AND ON MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT MOTION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial– e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will

ORDER - 3

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Fed. R. Civ. P. 56 (d) provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

### B. STANDARD ON CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Eighth Amendment's prohibition against cruel and unusual punishment/deliberate indifference to serious medical needs does not directly apply to pretrial detainees, but only applies after conviction and sentence. *See Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989). However, the Supreme Court has held that "[p]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "Thus, while the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees." *Redman v. County of San Diego*, 942 F.2d 1435, 1441 n. 7 (9th Cir.1991). In light of these Supreme Court's rulings, the Ninth Circuit has concluded that the 'deliberate indifference' standard applies to claims that correction facility officials failed to

address the medical needs of pretrial detainees.  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242–43 (9th Cir. 2010); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For these reasons, the Court construes Plaintiff's deliberate indifference claim against Officer Tuitasi as a Fourteenth Amendment due process claim, subject to Eighth Amendment standards.

To set forth a constitutional claim under the Eighth Amendment predicated upon the failure to provide medical treatment, first a plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, a plaintiff must show the defendant's response to the need was deliberately indifferent.  *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062 (9th Cir. 2013).  The "deliberate indifference" prong requires a showing that prison officials "knew of and disregarded the substantial risk of harm."  *Id.*  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The indifference to a prisoner's medical needs must be substantial.  Mere indifference, negligence, or medical malpractice will not support this claim.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

**C.  DEFERRAL OF MOTION IS APPROPRIATE**

Officer Tuitasi argues that summary dismissal of the claims asserted against him is appropriate because he was not deliberately indifferent to Plaintiff's serious medical need. Dkt. 42. He maintains that he was not aware of facts from which he could have drawn an inference of a substantial risk of harm to Plaintiff nor did he draw such a conclusion.  *Id.*  Officer Tuitasi argues that telling Plaintiff that he needed to contact his attorney regarding his need for a medical furlough was not improper.  *Id.*  He asserts that if Plaintiff wanted to be released on medical furlough, he needed a court order.  *Id.*  Officer Tuitasi maintains that he had no authority to release Plaintiff.  *Id.*

ORDER - 5

Plaintiff argues that consideration of this motion should be deferred until after Plaintiff has a chance to depose Officer Tuitasi. Dkt. 49. Plaintiff points out that his kite states that he will be in the hospital for four days and will need three to four months to recover. Dkt. 50. He contends that the kite is difficult to read, and that "it is important that this cryptic record be supplemented by deposition examination" of Officer Tuitasi. *Id.* Plaintiff points out that the discovery deadline has not passed. Dkt. 49.

Pursuant to Fed. R. Civ. P. 56 (d), Plaintiff's motion to defer consideration of this motion until after Officer Tuitasi's deposition (Dkt. 49) should be granted. Plaintiff has shown sufficient reasons why Officer Tuitasi's deposition is necessary. The discovery deadline is set for March 7, 2016. Dkt. 54. Parties are strongly encouraged to conduct this deposition soon. Officer Tuitasi's motion should be stricken to be renoted, if appropriate, after the deposition.

Officer Tuitasi's argument that Plaintiff's Rule 56(d) motion is untimely is without merit. The motion was filed in response to the summary judgment motion. Further, while Plaintiff has not proceeded quickly with Officer Tuitasi's deposition, the deadline for discovery has not passed. Although Officer Tuitasi argues that further discovery would be futile, that is not yet clear. In the interest of fully and fairly considering all the issues in this case, consideration of Officer Ray Tuitasi's Motion for Summary Judgment Dismissal (Dkt. 42) should be deferred until after his deposition. Accordingly, the motion should be stricken, to be renoted, if appropriate, after his deposition.

### III.   ORDER

**IT IS ORDERED**:

- Officer Ray Tuitasi's Motion for Summary Judgment Dismissal (Dkt. 42) **IS STRICKEN**, to be renoted, if appropriate, after his deposition.

ORDER - 6

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2   to any party appearing *pro se* at said party's last known address.
3   Dated this 14th day of December, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER - 7